UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JULIE TANKSLEY and JOSHUA LYLE,        )
                                        )
                Plaintiffs,             )
                                        )        1:10-cv-58
v.                                      )        *Lee*
                                        )
CITY OF CALHOUN, TENNESSEE, *et al.*,   )
                                        )
                Defendants.             )

### ORDER

Before the Court is a joint stipulation of dismissal filed by Plaintiffs Julie Tanksley and

Joshua Lyle and all Defendants [Doc. 61].  In the stipulation, the parties sought an order of dismissal

and represented that the settlement reached included a release of claims under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C.A. §§201-219.  As such, the Court construed the document as

a motion seeking approval of the settlement and dismissing the case and, to that end, the Court

ordered a hearing to approve the FLSA settlement [Doc. 62].  A hearing was held on June 29, 2012,

during which Plaintiff was represented by attorney Bill Payne and Defendant was represented by

attorney Nathan Rowell.[1]  For the reasons that follow, the settlement will be **APPROVED** and this

case will be **DISMISSED WITH PREJUDICE**.

When an employee's rights under the FLSA are violated, the statute provides for back pay

in the amount of unpaid minimum wages and overtime compensation plus an equal amount as

liquidated damages.  *See* 29 U.S.C. § 216(b).  Because Congress perceived an imbalance of

bargaining power between employers and wage-hour employees, *see Brooklyn Savings Bank v.*

*O'Neil*, 324 U.S. 697, 708 (1945)*,* these remedies are mandatory and not subject to bargaining,

---

[1]  Counsel for the individual Defendants was excused from the hearing, as there was no FLSA
claim remaining as to those Defendants.

waiver, or modification by contract or settlement except in two narrow circumstances. *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Under the first of those circumstances, not at issue here, an employee may waive her right to bring suit when the Secretary of Labor supervises the employer's repayment of unpaid wages and overtime compensation. *See* 29 U.S.C. § 216(c). Under the second circumstance, an employee who has filed a lawsuit asserting FLSA claims against her employer may settle her case subject to judicial approval of the settlement with respect to the FLSA claims. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (distinguishing out-of-court compromises from stipulated judgments because "the simple device of filing suits" provides the additional safeguards of "pleading the issues and submitting the judgment to judicial scrutiny"); *Lynn's Food Stores*, 679 F.2d at 1354. To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching. *Lynn's Food Stores*, 679 F.2d at 1354-55.

In this case, there are bona fide disputes, including a dispute as to whether either of both Plaintiffs could proceed with their respective FLSA claims and a dispute as to the amount of back pay they might be entitled to receive. The negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel, ensuring that the employee's interests were adequately protected from employer overreaching. After hearing from the parties, the Court concludes the settlement fairly and reasonably compromises the parties' disputes. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The settlement agreement with respect to Plaintiff's FLSA claims is **APPROVED** as a fair and reasonable compromise of bona fide issues of law and fact;

2

2.        The joint stipulation of dismissal, which the Court will construe as including a motion to approve the settlement [Doc. 61], is **GRANTED**; and

3.        The case is **DISMISSED WITH PREJUDICE** and the Clerk is directed to close the case.

SO ORDERED.

ENTER:

s/*Susan K. Lee*               
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE